MRM:MEF
F. #2021R00016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | C O M P L A I N T |
| - against - | (18 U.S.C. § 2251(a)) |
| CARMINE SIMPSON, | No. 21 MJ 119 |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

AARON E. SPIVACK, being duly sworn, deposes and states that he is a

Special Agent with the Federal Bureau of Investigation, duly appointed according to law and

acting as such.

On or about and between April 2020 and December 2020, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant CARMINE SIMPSON did knowingly and intentionally employ, use, persuade,

induce, entice and coerce a minor to engage in sexually explicit conduct for the purpose of

producing one or more visual depictions of such conduct, knowing and having reason to

know that such visual depictions would be transported and transmitted using any means and

facility of interstate and foreign commerce and which would be in and affecting interstate

and foreign commerce, which visual depictions were produced and transmitted using

materials that had been mailed, shipped and transported in and affecting interstate and

foreign commerce by any means, including by computer, and which visual depictions were

actually transported and transmitted using a means and facility of interstate and foreign

commerce and in and affecting interstate and foreign commerce.

(Title 18, United States Code, Section 2251(a))

The source of your deponent's information and the grounds for his belief are

as follows:[1]

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI"),

and I have been in that role for approximately 12 years.   I am now assigned to the FBI's

Child Exploitation and Human Trafficking Task Force, which investigates individuals

suspected of being involved in the receipt, distribution, possession and production of child

pornography and sex trafficking, among other offenses.   While employed by the FBI, I have

conducted and participated in numerous investigations of criminal activity, including, but not

limited to investigations related to the sexual exploitation of children, child pornography, and

other sex offenses.   As a result, and based on my training and experience, I am familiar with

the laws regarding sexual offenses and how sexual offenses are commonly committed.   I

have been assigned to investigate violations of criminal law relating to sexual offenses, and I

have gained expertise in how to conduct such investigations through, among other things,

training I have received in seminars and classes, and my daily work in relation to these types

of investigations.   As part of my responsibilities, I have participated in numerous

investigations into the commission of various sex offenses.   During these investigations, I

have executed, or participated in the execution of, numerous search warrants involving

---

[1]      Because the purpose of this Complaint is to set forth only those facts necessary
to establish probable cause to arrest, I have not described all the relevant facts and
circumstances of which I am aware.

3

electronic devices.   I have also received training regarding computer technology and the way electronic devices are used to further criminal activity, including sex offenses.   I have training and experience in numerous areas of criminal investigations and procedures, including search warrant applications, executing searches and seizures, and seizing and processing computer evidence.   As part of my responsibilities, I have reviewed thousands of images depicting children (less than eighteen years of age) being sexually exploited by adults.   Through my experience in these investigations, I have become familiar with methods of determining whether a child is a minor.

2.      I am familiar with the facts and circumstances set forth below from my own participation in the investigation, my review of the investigative file, and from my conversations with, and review of reports of, other law enforcement officers and agents involved in the investigation.

DEFINITIONS

3.      For the purposes of this complaint, the following terms have the indicated meaning herein:

a.      "Child Pornography," as used herein, includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), as well as any visual depiction, the production of

4

which involves the use of a minor engaged in sexually explicit conduct (see 18 U.S.C. §§ 2252 and 2256(2)).

        b.    "Child Erotica," as used herein, means materials and items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene and that do not necessarily depict minors in sexually explicit poses or positions.

        c.    "Internet Protocol address" or "IP address" refers to a unique number used by a computer to access the Internet.   IP addresses can be dynamic, meaning that the Internet Service Provider (ISP) assigns a different unique number to a computer every time it accesses the Internet.   IP addresses might also be static, if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet.   "Domain name" is a name that identifies an IP address.

<u>PROBABLE CAUSE</u>

        4.    On or about December 30, 2020, law enforcement in Maryland received two cybertips from the National Center for Missing and Exploited Children ("NCMEC"), informing them that an individual (the "TARGET") was utilizing a Twitter account with the number 1240754153749692416 (the "Twitter Account") to communicate with and persuade minors to produce and send sexually explicit images and videos to him (together, the "Reports").   According to records submitted by Twitter in connection with the Reports (the "Twitter Records"), the TARGET utilized several different vanity names on Twitter, including "BINGIEBONGIE", "thelifeofchris88", "LifeOfChris69", "DACRYPHILIC", "SOMNOPHLLIC" and "DACRYYBOYY".   Additionally, the profile

associated with at least one of these vanity names included an age for the TARGET of 17 years old.

5.      Included in the Reports and Twitter Records is information regarding various IP addresses used by the TARGET to access the Internet.   At least two of these IP addresses resolve to an address in Holbrook, New York (the "Residence"), where the defendant CARMINE SIMPSON resides.   At least four of these IP addresses resolve to locations at the 75th Precinct of the New York City Police Department ("NYPD") in Brooklyn, New York.   Based on records received from the NYPD, SIMPSON is employed as a police officer with the NYPD and works in the 75th Precinct, and he has a personal cellular telephone with a number ending in 2276 (the "2276 Number").   Based on information in the Reports and the Twitter Records, the TARGET provided the 2276 Number when he established the Twitter Account.

6.      On January 28, 2021, I executed a search warrant at the Residence, where I met and spoke with the defendant CARMINE SIMPSON, who identified himself to me.   Prior to executing that search warrant, I reviewed photographs shared by the TARGET on Twitter, including one of an adult male wearing a NYPD t-shirt.   During the execution of that search warrant, the FBI located and photographed various items in the Residence that I had previously seen in photographs shared by the TARGET on Twitter, including but not limited to a pair of boxer shorts, a gun holster and several bed spreads.   Additionally, during the same search, I recovered SIMPSON's telephone, which I know is assigned the 2276 Number because I called that number and SIMPSON's telephone rang.   Having reviewed photographs shared by the TARGET on Twitter and met SIMPSON in person, I can conclude that SIMPSON is the individual pictured in the photographs shared by the

TARGET on Twitter.   In some of these photographs, however, SIMPSON used a filter to make himself appear younger than he is.   As a result, there is probable cause to believe that the TARGET is CARMINE SIMPSON.

7.      Based on the Twitter Records, which include online chats occurring in or about and between April 2020 and December 2020, the defendant CARMINE SIMPSON communicated with at least 46 apparent minors, who appear to have been between the ages of 13 and 17.   In these chats, SIMPSON requested that the minors take sexually explicit videos and pictures of themselves, oftentimes masturbating or after drawing on their body with a marker.   Based on a review of the material submitted by Twitter, SIMPSON obtained at least 18 photographic images and 33 videos containing child exploitative material from minors.   SIMPSON also obtained at least 162 photographic images and 48 videos containing child erotica.   During these conversations, SIMPSON repeatedly represented that he was 17 years old.

8.      For example, on or about and between September 7, 2020 and September 30, 2020, both dates being approximate and inclusive, the defendant CARMINE SIMPSON was communicating via Twitter with Jane Doe 1, who appears to be an approximately 13-year-old female.   Initially, SIMPSON groomed Jane Doe 1, saying things like, "Babygirl! You are ADORABLE" and "you're cute to look at."   The conversation gradually escalated, and SIMPSON asked questions such as, "You own cute undies?", "Yo so turns out imma be home alone for a bit. If you wanna have like FaceTime sex or something???"   Initially, Jane Doe 1 responded, "heh um i cant bc i have to like do school stuff :(( sorryyy[.]"   Thereafter, SIMPSON convinced Jane Doe 1 to send pictures and videos of herself where she is partially clothed.   SIMPSON encouraged Jane Doe 1, saying

things like, "This is hot as fuck," and then sent Jane Doe 1 links to websites as suggestions of the pictures that he would like of Jane Doe 1.   SIMPSON also asked Jane Doe 1 if she owned any "toys."   Jane Doe 1 replied that she did not, but she had a "brush."   After Jane Doe 1 and SIMPSON appear to have had a live chat on a separate platform, Jane Doe 1 sent SIMPSON a 12-second video of herself, in which she is inserting a hair brush into and out of her vagina.   SIMPSON replied in substance, "Babygirl dont stop," "Keep the videos coming for me," and "I love how wet I made tou [sic]."   Thereafter, SIMPSON asked Jane Doe 1 if she liked "body writing".   Several days later, after SIMPSON complained that he had not "seen [Jane Doe 1] naked in two days :(", and Jane Doe 1 responded that she was busy in school, SIMPSON asked Jane Doe 1 for more nudes.

9.      Similarly, on or about and between April 11, 2020 and September 15, 2020, both dates being approximate and inclusive, the defendant CARMINE SIMPSON was communicating via Twitter with Jane Doe 2, who appears to be approximately 15-years-old. Initially, SIMPSON groomed Jane Doe 2, saying things like, "You got cute eyes", and then progressed to asking for "lewds."   Later, during a highly sexual conversation, Jane Doe 2 said that she was "wet," and SIMPSON asked for "proof."   In response, Jane Doe 2 sent a picture of wet underwear.   During these conversations, SIMPSON asked Jane Doe 2 to write various words and phrases on her body, and specifically under her belly button, including "use my holes", "cum", "whore", "useless", "pig", "desperate", "babyboy," "prince" and "anal slut" and then photograph herself.   Thereafter, Jane Doe 2 sent a picture and a video depicting the various words written with a marker on Jane Doe 2's abdomen.   On or about April 13, 2020, as part of a highly sexual conversation, SIMPSON said to Jane Doe 2 in substance, "I wanna see your cute little ass bright red from spankings."   In response, Jane

Doe 2 sent a picture of herself, kneeling on a bed, where she is nude from the waist down, her backside is red, and her vagina is visible in between her legs.   Later on that same day, SIMPSON asked Jane Doe 2 to "Bend over. Shove your useless face into the bed and spread those cheeks for daddy."   Thereafter, Jane Doe 2 sent a video file depicting herself, lying face down on the ground with her backside up in the air, and her vagina is visible in between her legs.   Later that same day, SIMPSON told Jane Doe 2 to "Show me how you fuck yourself Babyboy", and in response, Jane Doe 2 sent a 25-second video wherein she is inserting her fingers in her vagina from behind.   On or about April 23, 2020, after Jane Doe 2 sent SIMPSON a video of herself masturbating, SIMPSON responded, "Try filming it again but this time, put your belt around your neck and pull it."   Thereafter, Jane Doe 2 sent SIMPSON a 36-second video in which Jane Doe 2 is using one hand to pull on a belt to choke herself and the other hand to masturbate.   On or about April 25, 2020, SIMPSON told Jane Doe 2 to write "CARMINES SLUTTY LITTLY [sic] BOY" on her chest.   Thereafter, Jane Doe 2 asked SIMPSON if that was his name, and SIMPSON responded, "It is. Chris is my middle name" and "I have chris on Cuz 1) Carmine is a weird name 2) it's rare so I don't want irl [in real life] to find me."   Jane Doe 2 then sent an image of herself, wherein "CARMINES SLUTTY LITTLE BOY" is written on her chest.   In total, it appears that Jane Doe 2 sent SIMPSON approximately 51 files, including photographic images and videos, containing child pornography or child erotica. During the course of communicating with Jane Doe 2, SIMPSON shared his "Snap" username, which he said was "CarmineSimpson." Based on a brief search of SIMPSON's telephone, pursuant to a search warrant executed on January 28, 2021, I observed that defendant had the SnapChat application, which was signed into the "CarmineSimpson" account.

10.     Similarly, on or about and between November 19, 2020 and November 20, 2020, both dates being approximate and inclusive, the defendant CARMINE SIMPSON was communicating via Twitter with John Doe 1, an individual whose identity is known to the FBI.   John Doe 1 is a transgender male, who was 13 years old on that date.   As part of that conversation, SIMPSON said the following, in substance and relevant part: "Do you take good nudes?", "You take good nudes? Prove it", "Okay heres what youre gonna do babygirl. Youre gonna grab a sharpie (or a pen) and youre gonna write Im sorry daddy across your tits/chest", "How many words do you think we can add to your body?", "Right above your pussy write cum inside me then have an arrow point to your hole", "Naked in the bathroom?", "Well do you want to keep taking pictures and videos? Or would you prefer to video call me baby?", "Well Im [sic] that case I want 4 videos \n1) you slapping your lretty [sic] face \n2) you gagging on your fingers (the more spit the better) \n3) you choking yourself\n4) you pick! Its your choice for number 4," "Good that can be video #5\nI wanna hear you say my name is [John Doe 1] and my teen body belongs to you," "Now put on some clothes and get out of there before people start thinking you fell down the toilet", "Did taking videos for me turn you on?"   As part of that conversation, John Doe 1 sent SIMPSON at least two sexually explicit videos.   These include a video where John Doe 1 is lying down, fully nude, with marker on their body and their fingers in their vagina.

11.     Accordingly, I submit that there is probable cause to believe that the defendant CARMINE SIMPSON used Twitter to persuade minors, including but not limited to Jane Doe 1, Jane Doe 2 and John Doe 1, to create sexually explicit images of themselves and send him these images via Twitter.

10

WHEREFORE, your deponent respectfully requests that the defendant

CARMINE SIMPSON, be dealt with according to law.

AARON E. SPIVACK
Special Agent, Federal Bureau of Investigation

Sworn to before me this
28th_day of January, 2021

/s/ AK Tomlinson
THE HONORABLE A. KATHLEEN TOMLINSON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK