

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MEF
F. #2021R00016

*610 Federal Plaza*
*Central Islip, New York 11722*

March 10, 2021

<u>By Federal Express and ECF</u>

Todd Greenberg, Esq.
Addabbo & Greenberg
118-21 Queens Blvd. Suite 306
Forest Hills, NY 11375

   Re: <u>United States v. Carmine Simpson</u>
     <u>Criminal Docket No. 21-97 (DRH)</u>

Dear Mr. Greenberg:

  Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I. <u>The Government's Discovery</u>

  A. <u>Statements of the Defendant</u>

  Please find enclosed:

- A redacted copy of a Federal Bureau of Investigation ("FBI") report, which documents statements made by the defendant during a January 28, 2021 search of his home, Bates-numbered CS_000176-CS_000177;

- A redacted copy of an FBI report, which documents spontaneous statements made by the defendant after a January 28, 2021 search of his home, Bates-numbered CS_000178;

- A redacted copy of an FBI report, which documents spontaneous statements made by the defendant during his January 28, 2021 transport, Bates-numbered CS_000179;

- A redacted copy of a <u>Miranda</u> form, signed by the defendant on January 28, 2021, Bates-numbered CS_000180;

- Redacted copies of U.S. Marshal and Department of Justice paperwork, which reflect the defendant's pedigree information, Bates-numbered CS_000181-CS_000187; and

- An audio recording of statements made by the defendant on January 28, 2021, Bates-numbered CS_000189.

    B.    <u>The Defendant's Criminal History</u>

Please find enclosed a redacted copy of a criminal history form for the defendant, Bates-numbered CS_000001-CS_000005, and a copy of the defendant's license, Bates-numbered CS_000188. The government is not aware of any criminal history for the defendant.

    C.    <u>Documents and Tangible Objects</u>

Please find enclosed:

- Redacted copies of an affidavit and search warrant for the defendant, his home and his electronic devices, Bates-numbered CS_000006-CS_000052;

- Copies of photographs taken during the execution of a search warrant at the defendant's home on January 28, 2021, Bates-numbered CS_000053-CS_000166;

- Copies of photographs of the exterior of the defendant's home, Bates-numbered CS_000167-CS_000171;

- A redacted copy of an evidence log related to items seized from the defendant's home and person on or about January 28, 2021, Bates-numbered CS_000172-CS_000174;

- A redacted copy of an FBI report describing items seized from the defendant's home and person on or about January 28, 2021, Bates-numbered CS_000175;

- Copies of certain photographs that the defendant shared on Twitter, Bates-numbered CS_000190-CS000192;

- A redacted copy of a New York City Police Department Personnel Profile Report for the defendant, Bates-numbered CS_000193-CS_000203;

- A redacted copy of an FBI report describing information obtained from Twitter regarding the defendant's accounts, Bates-numbered CS_000204-CS_000206;

- A copy of text messages between the defendant and Jane Doe 4, which were obtained from the defendant's phone, Bates-numbered CS_000207-CS_000213; and

- A redacted copy of documents related to the defendant's accounts on Kik, Spokeo, TikTok and Twitter, Bates-numbered CS_000214-CS_000218.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time. This material includes the electronic devices seized from the defendant's home on or about January 28, 2021, as well as records received from Twitter, which include child exploitative images and videos obtained by the defendant and images and videos shared by the defendant.

D. Reports of Examinations and Tests

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

E. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling an expert at trial to testify regarding forensic evidence obtained from the defendant's electronic devices.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.     The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.    Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his/her period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by March 19, 2021. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorney with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

SETH D. DuCHARME
Acting United States Attorney

By:     /s/ Megan E. Farrell
        Megan E. Farrell
        Assistant U.S. Attorney
        (631) 715-7862

Enclosures

cc:     Clerk of the Court (DRH) (by ECF) (without enclosures)